BOTHWELL CO. v. BICE.

BICE v. BOTHWELL CO.

(Circuit Court of Appeals, Eighth Circuit. November 12, 1917.)

Nos. 4868, 4898.

1. EMINENT DOMAIN ⬅️158—SUIT FOR ACCOUNTING—CONSTRUCTION OF CONTRACT.

Complainant and defendant were owners in common of a tract of land, which with a much larger tract adjoining, owned by defendant, was about to be condemned by the United States for use in an irrigation project. Complainant conveyed his interest in the land to defendant, pursuant to a written contract "for the sole purpose of uniting all of said interests in one general action of condemnation," defendant agreeing to pay complainant one-half the award received for the land jointly owned, deducting his pro rata share of expenses computed per acre in all the land involved. In the condemnation proceeding defendant did not have the land jointly owned valued separately, but the jury found the value of the entire tract which was paid to defendant. *Held* that, in a suit in equity by complainant for an accounting, the court was justified as against defendant in dividing the award in proportion to the number of acres in each tract.

2. EMINENT DOMAIN ⬅️158—EVIDENCE—RELEVANCY.

In such suit, the court properly excluded evidence as to the comparative value per acre of the two tracts of land as not relevant to the issue being tried, which was as to complainant's proportionate share of the award.

3. ACCOUNT ⬅️20(1)—REFERENCE TO MASTER—DISCRETION OF COURT.

In a suit involving an accounting, it is within the discretion of the court to refer the case to a master for that purpose.

4. INTEREST ⬅️18(1)—ACCOUNTING ON CROSS-DEMANDS.

Questions of interest recoverable by each party on an accounting considered.

Appeal from the District Court of the United States for the District of Wyoming; John A. Riner, Judge.

Suit in equity by Charles M. Bice against the Bothwell Company. From the decree, both parties appeal. Modified and affirmed.

---

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Marion A. Kline, of Cheyenne, Wyo., for plaintiff.

H. B. Durham, of Denver, Colo. (Hilliard S. Ridgely, of Cheyenne, Wyo., on the brief), for defendant.

Before CARLAND, Circuit Judge, and AMIDON and MUNGER, District Judges.

CARLAND, Circuit Judge. Bice, as plaintiff, commenced this action against the Bothwell Company, as defendant, for an accounting, the recovery of the amount which should be found due from defendant to plaintiff, and a reconveyance of certain land theretofore conveyed by plaintiff to defendant. There was a decree for the plaintiff, from which defendant appeals. The plaintiff also appealed on the question of the disallowance of interest prior to the decree.

[1] Counsel for defendant filed a motion to dismiss the complaint for the reason that it did not state facts sufficient to constitute a cause of action in equity. The motion was overruled, and this ruling is assigned as error. The contentions made in support of the motion may be stated as follows: (a) The contract pleaded is based upon a future contingency, viz., that the value of the land would be determined in the condemnation suit, and it never was so determined, therefore there can be no recovery; (b) the failure to determine the value of the lands in the condemnation suit was not the fault of either party, therefore the defendant is discharged; (c) the failure to determine the value of the lands in the condemnation suit was due to an act of government.

These contentions are all based upon a false premise, and therefore must fail. The value of the lands jointly owned and "a large tract of adjacent land, which is also to be condemned in the same manner," was determined by the jury, and the plaintiff conveyed to defendant his interest in the lands jointly owned "for the sole purpose of uniting all of said interest in one general action of condemnation." The value of the jointly owned lands was not determined separately by the jury, but under the facts in this case the failure to have the value of the jointly owned lands determined separately was the fault of the defendant, and of course the mere form of the verdict cannot be said to be an act of government in the sense in which counsel uses that term. The motion to dismiss was properly denied. Laying aside for the moment the accounting feature of the action, the facts are as follows: October 11, 1906, plaintiff and defendant entered into the following contract:

"It is hereby stipulated and agreed that whereas, the undersigned each own an undivided one-half interest in and to the following described lands in Natrona county, Wyoming, to wit: Lot 1 of section 1, township 29 north, of range 85 west, and lots 1, 2, 3, and 4, and the east half of the southwest quarter, and the west half of the southeast quarter of section 31, in township 30 north, of range 84 west, and lots 2, 3, and 4 of section 6, township 29 north, of range 84 west of the sixth principal meridian, containing 617.17 acres—said land being within the basin of the Pathfinder reservoir of the north Platte project of the United States Reclamation Service, and condemnation proceedings are to be instituted by the United States government to secure said lands for said reservoir purpose; and whereas, the Bothwell Company owns a large tract of adjacent land which is also to be condemned in the

same manner and for the same purpose by the said government: It is hereby agreed, for the sole purpose of uniting all of said interests in one general action of condemnation, that Charles M. Bice shall deed and convey to the Bothwell Company his one-half interest in said land above described, and the said the Bothwell Company hereby agrees to pay to said Bice one-half of the award received as compensation for his interest in said land, after deducting the pro rata shares of expenses of said suit per acre on all lands involved in said proceedings, including all attorneys' fees, witness fees, and all expenses of every kind incurred on account of said condemnation suit until said award shall be actually paid by said United States government. Should said government abandon the said project, or fail to appropriate or condemn said land, the said Bothwell Company hereby agrees to reconvey said land to said Bice free and clear of all incumbrances upon demand."

In pursuance of the contract plaintiff conveyed his undivided one-half interest in the lands described therein to defendant. In 1909 the United States began proceedings against the Bothwell Company to condemn 497.74 acres of the land mentioned in the contract, together with other lands of defendant, amounting in all to 2,893.66 acres. November 26, 1909, a jury in the condemnation proceedings awarded to defendant the sum of $108,250 for the taking of said lands. January 10, 1910, the United States paid to defendant the amount awarded, except the sum of $5,000, retained in the registry of the court to satisfy an attorney's fee for services rendered in behalf of the defendant in the condemnation proceedings; a lien having been duly filed. January 27, 1910, defendant paid to plaintiff $4,000 out of the condemnation award. November 17, 1915, the amount retained to pay attorney's fees was paid out in satisfaction of a judgment obtained by the attorney for the defendant in the condemnation proceedings. The trial court found that the value of the tract of 497.74 acres, as determined by the jury, was $18,625.50, of which plaintiff was entitled to the sum of $9,312.75, less the $4,000 already paid as above stated, and less plaintiff's pro rata share of the expenses of the condemnation proceedings.

It does not appear from the record how the trial court reached its conclusion that the value of the 497.74 acres, as found by the jury, was $18,625.50. It is insisted, however, by counsel for plaintiff, that in view of the fact that the trial court, in approving the statement of the evidence, stated that there was other evidence introduced, we must presume that there was evidence upon which the court based its finding. A court ought never to knowingly deceive itself. The verdict of the jury established the value of the lands taken. That verdict could not be altered or changed by evidence. The memorandum opinion of the trial court, which may be looked to for information, appears in the transcript, and it appears from the memorandum that the trial court divided the amount of the award by the number of acres condemned and thus found the average price per acre. This average price for 497.74 acres produced the value found by the trial court.

This is an action in equity, having for its object the recovery of plaintiff's share of the condemnation award. It is not an action for damages, or for the value of the land, but for plaintiff's portion of the award, as fixed by the jury. We are of the opinion, therefore, that it is entirely proper for a court of equity, in order to accomplish sub-

stantial justice, to proceed as the trial court did to ascertain the proportion of the award to which plaintiff was entitled, having in view the language of the contract, which provided that the sole purpose of the conveyance of the undivided interest of plaintiff to defendant was in order that all the land to be condemned could be proceeded against in one action, and also having in view the fact that the defendant, having charge of the proceedings as the owner of the land, might have had the land jointly owned valued separately, as was done in regard to what is called in the record the Kelly tract. The contract provided that the plaintiff should pay his pro rata share of the expenses of the condemnation suit per acre. If the defendant was to obtain more per acre for his individual land than plaintiff for his interest, why was the plaintiff to pay an equal share of the expense? To reach any other conclusion than as here indicated would turn the plaintiff out of a court of equity without any relief, because he is entitled to what the contract provided for or he is not entitled to anything. We therefore find no error in the method by which the trial court ascertained plaintiff's proportion of the condemnation awarded.

It is further contended that the trial court erred in not construing the contract to mean that the plaintiff was to receive one-fourth of the award received for the 497.74 acres, as compensation for his interest in the lands jointly owned. This contention is based upon the language of the contract, which reads, "one-half of the award received as compensation for his interest in said land." In other words, it is claimed that this language means that plaintiff was to receive only one-half of what the jury should award as compensation for plaintiff's interest, and not one-half of the total amount awarded for the 497.74 acres. Such reasoning would result in holding that the plaintiff conveyed his undivided one-half interest in the land to defendant without any consideration, other than a one-fourth share of the award received for the 497.74 acres, and from that share should also be deducted plaintiff's pro rata share of the expense of the condemnation suit. Such a contention as this would tend to cast a doubt upon the good faith of counsel. It is not only unjust, but technically wrong.

[2] At the trial counsel for defendant sought to show by the witness Albert J. Bothwell the character of the land in question at the time the condemnation suit was brought, and as to whether there was any improvements upon the land, and, if so, by whom they were constructed; also as to the value of the land taken in the condemnation suit which the Bothwell Company owned, as compared with the 497.74 acres in which the plaintiff was interested. The questions which sought to elicit this testimony were objected to as incompetent, irrelevant, and immaterial, and not within the issues being tried. This objection was sustained. We do not think the trial court erred in so ruling. The action was brought for plaintiff's proportion of the condemnation award to which under the contract between the parties he was entitled. To again litigate the value of the land in controversy would be to substitute the finding of a jury in this case for that of the jury in the condemnation suit, with no probability of reaching a more just result than that adopted by the trial court. As we have said before, the

action was not for damages, nor for the value of the land, but for plaintiff's proportionate share of the award.

[3] The court, by the method which it adopted for ascertaining plaintiff's proportionate share of the award, did not amend or modify the contract, nor amend or modify the verdict of the jury. Of the land conveyed by plaintiff to defendant pursuant to the contract, there was 119.43 acres which were not condemned, and a reconveyance of plaintiff's interest therein in said tract is asked. Defendant does not dispute plaintiff's right to a reconveyance, and by his answer made tender of such reconveyance, conditioned upon the plaintiff paying into the court for the use of defendant the sum of $65 as plaintiff's proportion of the taxes paid by the defendant from time to time upon said land. The plaintiff in his complaint prayed for an accounting against the defendant for the rents and profits which defendant had received from the tract not condemned. Therefore, on the face of the pleadings, the only matter for an accounting was the expenses of the condemnation proceedings and the rents and profits, if any, received by the defendant from the 119.43 acres.

Counsel for defendant contend that the trial court erred in sending the case to a master on these questions. The trial court could have made the accounting itself, or in the exercise of a sound discretion could have referred the same to a master. There was no error in the court's action. The accounting before the master took a much wider range than any issue made by the pleadings. Counsel for defendant assigns as error the refusal of the court to allow defendant to set off against plaintiff's claim one-half of the sum of $1,750 spent for improvements upon the land jointly owned, consisting of cultivation and fencing. The master ruled, and his ruling was affirmed by the trial court, that the defendant had had the use of the land for 20 years, had harvested alfalfa therefrom, and that such use of the land and profits received would offset the amount expended by the defendant in improving the land.

If the inquiry could be made as broad as to cover a period of 20 years and all the lands, we see no error in the action of the trial court. But this was a suit for an accounting upon a specific contract. The improvements were all on the lands many years prior to the date of the contract. They were made by the defendant for its own benefit, without the knowledge or consent of plaintiff as shown by the testimony. They are not mentioned in the contract, nor in the pleadings. The ruling of the master and trial court were correct for this reason.

[4] The defendant should not be allowed interest upon the expenses paid in the condemnation suit, nor for amounts expended in the improvement of the Bice-Bothwell tract. As to the items of $250 and $300, paid John W. Lacy on October 9, 1906, and December 13, 1907, respectively, we think the defendant was entitled to receive from plaintiff interest at 8 per cent. on plaintiff's proportionate share of these items to January 7, 1910, the date when the defendant received the condemnation award. On the appeal of the plaintiff, we are of the opinion that the plaintiff should receive interest on the amount due at 8 per cent. from November 17, 1915, the date when the question of the

attorney's fee due John W. Lacy was settled. There was no excuse for the defendant to retain the money after that date.

As thus modified as to the question of interest, the decree below is affirmed.